IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW CONWAY,

    Plaintiff,

  v.

TIMOTHY GEITHNER and JAMES R. BROWNING,

    Defendants.

_____/

No. C 12-0264 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendants Timothy Geithner, United States Secretary of the Treasury, and James R. Browning,[1] a judge on the United States Court of Appeals for the Ninth Circuit, move, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss pro se Plaintiff Andrew Conway's complaint, for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff has filed an opposition.[2]  The matter was taken under submission and decided on the papers.  Having considered all the papers filed by the parties, the Court grants Defendants' motion to dismiss.

---

[1] Regrettably, Chief Judge Emeritus Browning recently passed away.

[2] Plaintiff did not file his opposition with the Court, but sent it to opposing counsel who filed it as Exhibit A to his declaration. Docket No. 7-1. The Court considers Exhibit A to be Plaintiff's opposition.

## BACKGROUND

The gravamen of Plaintiff's complaint is that the Treasury Department is improperly deducting $167.10 from his monthly social security payment of $1,114.00. The $167.10 is deducted on behalf of the Palo Alto Veteran Affairs (VA) Medical Center. Plaintiff alleges that his rights "under the Bill of Rights and the United States Constitution" were denied "by the outlandish practice of selective justice." He also alleges that "all Americans in their 70's and 80's have the right to bring action in their local judicial district." Plaintiff originally filed this complaint in the San Mateo County small claims court and it was removed by Defendants. Previously, Plaintiff filed three other cases in small claims court against other federal officials alleging the same claim and each case was removed to federal court. Plaintiff voluntarily dismissed his first two cases without prejudice and he voluntarily dismissed his third case, Conway v. Bressler and Devine, C 11-2144 EDL, with prejudice.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In

considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I. Absolute Judicial Immunity

The only allegations in Plaintiff's complaint concerning Judge Browning are as follows:

> My records were sent to the Ninth Circuit Court of Appeals. I received a 'certificate of service,' which I filled out and returned it to James R. Browning on Sept. 21/11. When I did not hear from him, I sent a letter to Brad Vandley two weeks later and asked, 'why I did not hear from James R. Browning.'

3

> I never heard from Brad Vandley.  I got so frustrated, I went up to the Court House, 95 Seventh St. SF.  The Clerk looked at my records and made a phone call.  She hung up and told me 'your case is too frivolous to be heard.'  After 3 years of being in the sup. court of Ca. and the Fed. Ct. of N. Ca. 8 times, a stack of records a foot high, my cases were too frivolous!

Comp., page 10.

Judges and those performing judge-like functions are absolutely free from liability for damages for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc).  Judicial immunity from claims for damages generally can be overcome only in two sets of circumstances.  First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. Hyland v. Wonder, 117 F.3d 405, 413 n.1 (9th Cir. 1997) (holding that judge may lose protection of judicial immunity when performing administrative act).  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991).  As long as the judge has jurisdiction to perform the "general act" in question, he or she is immune, however erroneous the act may have been, however injurious the consequences of the act may have been, and irrespective of the judge's claimed motivation. Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (2009)).

4

From Plaintiff's complaint, it is clear that he is suing Judge Browning for an act that he allegedly took in his judicial capacity and that Judge Browning had jurisdiction to perform the act in question.  Therefore, the claims against Judge Browning are dismissed.  Dismissal is without leave to amend because amendment would be futile.

II. Res Judicata

Defendants argue that the complaint should be dismissed under the doctrine of res judicata.

Rule 8(c) of the Federal Rules of Civil Procedure denotes res judicata as an affirmative defense.  Although ordinarily affirmative defenses may not be raised in a motion to dismiss, res judicata may be asserted in a motion to dismiss when doing so does not raise any disputed issues of fact.  Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984); Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992).  Defendants base their res judicata argument on Plaintiff's complaint in the present case, the complaint in case number C 11-2144 EDL, and the Court's Order of Dismissal with Prejudice in that case.  Thus, Defendants' res judicata argument does not raise any disputed issues of fact, and consideration of it on a motion to dismiss is appropriate.

The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action. Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency, 322

5

F.3d 1064, 1077 (9th Cir. 2003). It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought. Tahoe-Sierra Pres. Council, 322 F.3d at 1078. The purpose of the doctrine is to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Marin v. HEW, Health Care Fin. Agency, 769 F.2d 590, 594 (9th Cir. 1985) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Three elements must be present in order for res judicata to be applicable: (1) an identity of claims; (2) a final judgment on the merits; and (3) the same parties or privity between the parties. Id.

An identity of claims exists when two suits arise from the same transactional nucleus of facts. Tahoe-Sierra Pres. Council, 322 F.3d at 1078. Two events are part of the same transaction or series of transactions where the claims share a factual foundation such that they could have been tried together. Western Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992). "Different theories supporting the same claim for relief must be brought in the initial action." Id.

The complaints in this case and in case number C 11-2144 EDL are virtually identical. In both, Plaintiff asserts that $167.10 is wrongfully being deducted from his monthly social security check. Therefore, there is an identity of claims in the two cases. The previous case was voluntarily dismissed with prejudice, which acts as a final judgment on the merits. See Headwaters, Inc. v. United States Forest Serv., 399 F.3d 1047, 1052 (9th Cir. 2005) ("a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court").

Finally, for res judicata to apply, the parties in the first lawsuit must be identical to, or in privity with, the parties in the second lawsuit. Privity exists if there is sufficient commonality of interests between the parties. Tahoe-Sierra Pres. Council, 322 F.3d at 1081.

In Plaintiff's previous lawsuit, the defendants were Janice Bressler, an attorney with the Department of Veteran Affairs, and Wendy Devine, an agent of the Internal Revenue Service (IRS). The IRS is an agency of the Department of Treasury. Because Secretary Geithner and Wendy Divine are government employees of the same federal agency, they share a sufficient commonality of interests to make them privies. Because there is privity between Secretary Geithner and Ms. Devine, all the elements of res judicata are met

7

and Plaintiff's claim is barred by the doctrine of res judicata. Therefore, Defendants' motion to dismiss is granted.

Dismissal is without leave to amend. The proper Defendant in this lawsuit would be the Department of Department of Veterans Affairs (VA). See Thomas v. Bennett, 856 F.2d 1165, 1167 (8th Cir. 1988) (appropriate defendant for claim of setoff is not Department of Treasury, but agency requesting that IRS make a reduction). The agency that is requesting that the Department of Treasury make a deduction from Plaintiff's social security check is the VA. Plaintiff sued the VA in his last lawsuit because he named as a defendant Janice Bressler, an attorney with the VA. Ms. Bressler is in privity with the VA if Plaintiff could name it in an amended complaint because there is sufficient commonality of interests between them. Thus, any amended complaint that Plaintiff could bring would be barred by the application of res judicata, rendering amendment futile. For this reason, dismissal is without leave to amend. Because this complaint is dismissed by application of res judicata, the Court does not address Defendants' other arguments for dismissal.

## CONCLUSION

Based on the foregoing, Defendants' motion to dismiss is granted. Dismissal is without leave to amend. The clerk of the

8

court shall enter a separate judgment.  All parties shall bear their own costs of suit.

    IT IS SO ORDERED.


Dated: 5/10/2012

                        CLAUDIA WILKEN
                        United States District Judge

**United States District Court**
For the Northern District of California